# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL SEMICONDUCTOR, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NXP USA, INC.,<br><br>Defendant. | Case No. 22-cv-0594-BAS-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; and**<br><br>**(2) GRANTING JOINT MOTION TO EXTEND DEFENDANT'S TIME TO RESPOND**<br><br>**[ECF No. 66]** |

Plaintiff seeks leave of Court to file an Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2). (ECF No. 66.) This is Plaintiff's first such request. Defendant does not oppose Plaintiff's Motion.

Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that, although the question whether to grant leave to amend pursuant to Rule 15(a)(2) is left to the trial court's discretion, the determination "should be guided by the underlying purpose of Rule 15(a) . . . which [is] to

- 1 -

22cv0594

facilitate decisions on the merit, rather than on technicalities or pleadings." *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001). In addition to reaffirming that "[c]ourts may freely grant leave when justice so requires," the Ninth Circuit has also indicated "public policy strongly encourages courts to permit amendments" and "[t]he policy of allowing amendments 'is to be applied with extreme liberality.'" *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Denying a request for leave to file an amended pleading is appropriate only where amendment will result in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff represents that its proposed Amended Complaint "asserts claims against an additional patent, but simultaneously removes . . . allegations of indirect infringement." (ECF No. 66.) Based on its review of these amendments, and Defendant's non-opposition thereto, the Court is satisfied that none of the prohibitive factors that generally bar leave to amend is present here, and that permitting Plaintiff to file its Amended Complaint will advance the public's interest in deciding this patent dispute on the merits.

Accordingly, this Court **GRANTS** Plaintiff's Motion for Leave to Amend. (ECF NO. 66.) Plaintiff is **ORDERED** to file its Amended Complaint (ECF No. 66-1) on the docket.

//
//
//
//
//
//
//
//

\* \* \* \*

Having granted Plaintiff's Motion for Leave to Amend, the Court now turns to the parties' joint request that Defendant's deadline to respond to the Amended Complaint be extended until December 1, 2022. The parties contend additional time is needed for Defendant to prepare a response because the First Amended Complaint asserts an additional patent. Having found good cause, the Court **GRANTS** the parties' joint request for an extension of time. Defendant is **ORDERED** to respond to the First Amended Complaint **by no later than December 1, 2022**.

    IT IS SO ORDERED.

DATED: November 18, 2022

Hon. Cynthia Bashant
United States District Judge