# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL SEMICONDUCTOR, LLC,<br><br>                            Plaintiff,<br>v.<br>NXP USA, INC.,<br><br>                           Defendant. | Lead Case No.: 22-cv-00594-H-KSC<br>Consolidated for Pretrial Purposes with Related Case Nos.<br>22-cv-01178-H-KSC<br>22-cv-01267-H-KSC<br>22-cv-01268-H-KSC<br>22-cv-01527-H-KSC<br>22-cv-01537-H-KSC<br>22-cv-01794-H-KSC |
| BELL SEMICONDUCTOR, LLC,<br><br>                            Plaintiff,<br>v.<br>MAXLINEAR, INC.,<br><br>                           Defendant. | **ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE; AND**<br><br>**[Doc. No. 100][1]**<br><br>**(2) SETTING DEADLINES FOR INITIAL DISCLOSURES AND INFRINGEMENT CONTENTIONS** |

---

[1] All citations in this order are to the docket in <u>Bell Semiconductor, LLC v. NXP USA, Inc.</u>, Case No. 22-cv-594-H-KSC, unless otherwise noted.

In the present consolidated action, Plaintiff Bell Semiconductor, LLC ("Bell Semic") alleges claims for patent infringement against Defendants NXP USA, Inc. ("NXP") and MaxLinear, Inc. ("MaxLinear"). Bell Semic alleges that it is the owner by assignment of U.S. Patents Nos. 7,007,259 ("the '259 Patent"), 6,436,807 ("the '807 Patent"), U.S. Patent Nos. 7,149,989 ("the '989 Patent"), 7,260,803 ("the '803 Patent"), U.S. Patent No. 7,231,626 ("the '626 patent"), and U.S. Patent No 7,396,760 ("the '760 patent") (collectively "the patents-in-suit"). (Doc. No. 69, FAC ¶¶ 23, 33; Case No. 22-cv-1267, Doc. No. 22, FAC ¶¶ 21, 30; Case No. 22-cv-1527, Doc. No. 17, FAC ¶ 19; Case No. 22-cv-1794, Doc. No. 1, Compl. ¶ 24.) Between April 27, 2022 and November 15, 2022, Bell Semic filed seven complaints for patent infringement – four against NXP and three against MaxLinear – alleging infringement of the patents-in-suit.[2] (Doc. No. 69, FAC ¶¶ 41-67; Case No. 22-cv-1178, Doc. No 11, FAC ¶¶ 39-65; Case No. 22-cv-1267, Doc. No. 22, FAC ¶¶ 39-64; Case No. 22-cv-1268, Doc. No. 1, ¶¶ 39-64; Case No. 22-cv-1527, Doc. No. 17, FAC ¶¶ 33-46; Case No. 22-cv-1537-Doc. No. 1, Compl. ¶¶ 34-46; Case No. 22-cv-1794, Doc. No. 1, Compl. ¶¶ 34-46.)

On January 5, 2023, the Court stayed Bell Semic's claim against NXP for infringement of the '626 Patent and Bell Semic's claim against MaxLinear for infringement of the '760 Patent pursuant to 28 U.S.C. § 1659(a) pending proceedings before the International Trade Commission ("ITC"). (Case No. 22-cv-1527, Doc. No. 26; Case No. 22-cv-1537, Doc. No. 18.) On January 12, 2023, the Court also stayed Bell Semic's claim against NXP for infringement of the '803 Patent pursuant to 28 U.S.C. § 1659(a) pending proceedings before the ITC, and the Court denied NXP's motion to stay Bell Semic's remaining claims for patent infringement against NXP. (Doc. No. 86 at 9-10.) In light of these stays, Bell Semic's current non-stayed, active claims for patent infringement are: Bell Semic's claims against NXP for infringement of the '259 Patent, the '807 Patent, the '989

---

[2] Bell Semic only alleges a claim for infringement of the '626 Patent against NXP. Bell Semic does not allege a claim for infringement of the '626 Patent against MaxLinear.

Patent, and the '760 Patent; and Bell Semic's claims against MaxLinear for infringement of the '259 Patent, the '807 Patent, the '989 Patent, and the '803 Patent.

On January 12, 2023, the Court consolidated Bell Semic's seven actions against NXP and MaxLinear for pretrial purposes, designating Case No. 22-cv-594 as the lead case. (Doc. No. 87.) On January 12, 2023, the Court denied MaxLinear's motions to dismiss Bell Semic's complaints alleging infringement of the '259 Patent, the '807 Patent, the '989 Patent, and the '803 Patent. (Doc. Nos. 90, 91.) MaxLinear's answers to those two complaints are due by **January 26, 2023**. (Doc. No. 90 at 11; Doc. No. 91 at 11.) On January 12, 2023, the Court denied NXP's motion to dismiss Bell Semic's complaint alleging infringement of the '989 Patent and the '803 Patent. (Doc. No. 89.) NXP's answer to that complaint is due by **January 26, 2023**. (See id. at 16.) On January 17, 2023, the Court granted in part and denied in part NXP's motion to dismiss Bell Semic's first amended complaint alleging infringement of the '259 Patent and the '807 Patent (Doc. No. 95.) In addition, the Court granted Bell Semic leave to filed a second amended complaint in that action, and Bell Semic's second amended complaint is due by **January 31, 2023**. (Id. at 18.)

In light of the current stage of the proceedings, on January 12, 2023, the Court issued a proposed scheduling order for the consolidated action and scheduled a telephonic case management conference for Monday, January 30, 2023 at 10:30 a.m. (Doc. No. 92.) On January 24, 2023, the parties filed a joint motion to continue the Court's telephonic case management conference. (Doc. No. 100.) In the joint motion, the parties explain that lead counsel for Bell Semic has a conflict with the scheduled case management conference because counsel has a hearing on two motions to dismiss on January 30, 2023 at 8:30 a.m. in the Central District of California in Bell Semiconductor, LLC v. Omnivision Technologies, Inc., Case No. 8:22-cv-01512-JAK-MRW (C.D. Cal., filed Aug. 11, 2022), and Bell Semiconductor, LLC v. Omnivision Technologies, Inc., Case No. 8:22-cv-01591-JAK-MRW (C.D. Cal., filed Aug. 26, 2022).

For good cause shown, the Court grants Bell Semic's motion to continue, and the Court continues the telephonic case management conference to **Monday, February 6, 2023** at **10:30 a.m.**  The Court will email all counsel of record the dial-in information for the telephonic case management conference the week before the hearing.  In light of this continuance, the parties' discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Patent Local Rule 2.1(b) and any proposed modification to the Court's January 12, 2023 proposed scheduling order must be jointly filed by **Friday, January 27, 2023**.[3]

In addition, the Court sets forth the following deadlines for the consolidated action:

1. Each party must serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **February 6, 2023**.

2. **Disclosure of Asserted Claims and Infringement Contentions**.  On or before **February 6, 2023**, each party claiming patent infringement must separately serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions" pursuant to Patent Local Rule 3.1 and produce documents as required by Patent Local Rule 3.2.  The Infringement Contentions and accompanying document production must also comply with the requirements set forth in Northern District of California Patent Local Rules 3-1(h) and 3-2(f)–(j).

**IT IS SO ORDERED.**

DATED: January 25, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[3]  The Court reminds the parties that their discovery plan must comply with Northern District of California Patent Local Rule 2-1(b)(5).  (See Doc. No. 92 at 3 n.3.)