1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL SEMICONDUCTOR, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>NXP USA, INC.,<br><br>                              Defendant. | Lead Case No.:  22-cv-00594-H-KSC<br>Consolidated for Pretrial Purposes with<br>Related Case Nos.<br>22-cv-01178-H-KSC<br>22-cv-01267-H-KSC<br>22-cv-01268-H-KSC<br>22-cv-01527-H-KSC<br>22-cv-01537-H-KSC<br>22-cv-01794-H-KSC |
| BELL SEMICONDUCTOR, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>MAXLINEAR, INC.,<br><br>                              Defendant. | **ORDER GRANTING JOINT MOTIONS FOR DETERMINATION OF DISCOVERY DISPUTES**<br><br>[Doc. Nos. 137, 138.] |

On March 6, 2023, Plaintiff Bell Semiconductor, LLC ("Bell Semic") and Defendant NXP USA, Inc. ("NXP") filed two joint motions for the determination of discovery disputes between the parties.  (Doc. Nos. 137, 138.)  After reviewing the parties' arguments

and the record, the Court grants the joint motion, and the Court resolves the parties' discovery disputes as set forth below.

The parties' first joint motion is three-part.  First, NXP asserts that Bell Semic failed to comply with Northern District of California Patent Local Rule 3-1(h), which is incorporated into this case via paragraph 4 of the Court's January 30, 2023 scheduling order.  (Doc. No. 137 at 1; see Doc. No. 107 at 4.)  Northern District of California Patent Local Rule 3-1(h) requires that a patentee's infringement contentions: "Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages."  N.D. Cal. Pat. L.R. 3-1(h).  In the joint motion, Bell Semic provides this exact information.  Bell Semic states that the start of the claimed damages in this case is "at the later of: (a) when [the LS1043A chip] was designed (which NXP knows) or (b) April 27, 2016."  (Doc. No. 137 at 1.)  This information is sufficient to comply with Northern District of California Patent Local Rule 3-1(h).

Second, NXP requests an extension of time to produce documents as required by Northern District of California Patent Local Rule 3-4(d) and paragraph 4 of the Court's January 30, 2023 scheduling order on the grounds that NXP lacks the required information about the claimed damages period.  (Doc. No. 137 at 1.)  In response, Bell Semic states that NXP never met and conferred with Bell Semic, even informally, regarding the requested extension of time, so the issue is not ripe.  (Id.)  Bell Semic also contends that NXP's request for more time to produce financial information for a single product is unnecessary.  (Id.)

The Court denies the requested extension of time.  Pursuant to paragraph 1 of the Court's January 30, 2023 scheduling order, the parties must meet and confer regarding any discovery dispute prior to raising it to this Court.  (Doc. No. 107 at 4.)  In addition, NXP has not shown good cause for the requested extension of time.  As explained above, NXP's contention that it needs additional information under Northern District of California Patent Local Rule 3-1(h) about the damages period is erroneous.  Further, the Court notes that Bell Semic served its infringement contentions a month ago, on February 6, 2023.  (Doc.

No. 126-1.)  NXP does not explain why it waited until now to raise this issue, particularly when it raised several other challenges to Bell Semic's infringement contentions two weeks ago on February 22, 2023.  (See Doc. No. 122.)  Finally, NXP does not even specify the precise extension of time it is seeking.  Absent further order of the Court, NXP must produce documents as required by Northern District of California Patent Local Rule 3-4(d) by **March 13, 2023**.  (See Doc. No. 107 at 4; see also Doc. No. 106 at 7.)

Third, NXP asserts that Bell Semic has failed to produce various agreements, including "licenses 'transferring an interest in any patent-in-suit'" as required by Northern District of California Patent Local Rules 3-2(f)–3-2(h) and paragraph 4 of the Court's January 30, 2023 scheduling order.  (Doc. No. 137 at 1; see Doc. No. 107 at 4.)  In response, Bell Semic states that it "produced documents it possessed on February 6 that were permitted to be produced and then searched for others.  [Bell Semic] will supplement on a rolling basis as more licenses become available to produce . . . ."  (Doc. No. 137 at 1.)

Northern District of California Patent Local Rule 3-2(f) requires a party claiming patent infringement to produce: "All agreements, including licenses, transferring an interest in any patent-in-suit."  N.D. Cal. Pat. L.R. 3-2(f); see also  Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc., 967 F.3d 1353, 1372 (Fed. Cir. 2020) ("In determining a reasonable royalty, parties frequently rely on comparable license agreements." (Georgia–Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970))); Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC, 927 F.3d 1292, 1299 (Fed. Cir. 2019) ("prior settlements can be relevant to determining damages" (citing Prism Techs. LLC v. Sprint Spectrum L.P., 849 F.3d 1360, 1369 (Fed. Cir. 2017)).  In its infringement contentions with respect to Northern District of California Patent Local Rule 3-2(f), Bell Semic states:

> Bell Semic has searched for and gathered and is prepared to produce copies of all agreements responsive to this disclosure requirement, but is not presently able to produce them due to confidentiality requirements.  Bell Semic is working with its agreement counterparties to secure consent to disclose, and will promptly produce these documents as soon as possible consistent with its contractual obligations.

ECF No. 126-1 at 12.  NXP fails to adequately explain why Bell Semic's response and its production to date is deficient at this stage in the proceedings.  As such, the Court orders the parties to meet and confer on this issue by **March 13, 2023**, the Court denies NXP's request without prejudice.

Turning to the second joint motion, in that motion, Bell Semic requests that the Court modify the "development bar" for technical experts set forth in paragraph 9 of the Court's protective order.  (Doc. No. 138 at 1; see Doc. No. 117 at 17.)  The Court denies Bell Semic's request.  Bell Semic agreed to the development bar at issue as the protective order in this case was entered pursuant to a joint motion by all parties.  (See Doc. No. 114; Doc. No. 114-1 at 16-17.)  Further, the Court notes that it is not uncommon for parties to agree to and for district courts to enter a protective order in a patent case that contains a development bar.  See, e.g., Wi-LAN Inc. v. LG Electronics, Inc., No. 18-cv-1577-H-AGS, ECF No. 51 at 23-24 (S.D. Cal. Jan. 9, 2019); Qualcomm Inc. v. Apple Inc., No. 17-cv-1375-DMS-MDD ECF No. 154 at 14-15 (S.D. Cal. Mar. 12, 2018); FastVDO LLC v. AT&T Mobility LLC, No. 16-CV-385-H-WVG, 2016 WL 3523127, at *11 (S.D. Cal. June 28, 2016); Odyssey Wireless, Inc. v. Apple Inc., No. 15-CV-1735-H-RBB, ECF No. 126 at 38-39 (S.D. Cal. Oct. 6, 2015); Adaptlx, Inc. v. Dell, Inc., No. 5:14-CV-01259, 2015 WL 12839125, at *11 (N.D. Cal. Sept. 8, 2015); see also In re Deutsche Bank Tr. Co. Americas, 605 F.3d 1373, 1381 (Fed. Cir. 2010) (setting forth the factors a court may consider in determining whether a bar in a protective order is appropriate).

In sum, the Court grants the parties' joint motions for determination of discovery disputes, and the Court resolves the parties' discovery disputes as set forth above.

**IT IS SO ORDERED.**

DATED: March 7, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT